UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 17-cr-20589

v.                                       Paul D. Borman
                                         United States District Judge

KARRIEM WOOTEN,

        Defendant,
_____/

# ORDER
## (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 8) AND
## (2) DENYING GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S *PRO SE* FILING (ECF NO. 9)

Now before the Court are Defendant Karriem Wooten's Motion for Early Termination of Supervised Release (ECF No. 8) and the Government's Motion to Strike Defendant's *Pro Se* Filing (ECF No. 9.)

On April 1, 2024, Defendant Karriem Wooten filed a *pro se* Motion for Early Termination of Supervised Release. (ECF No. 8.) On April 17, 2024, the Government filed a Motion to Strike Defendant's *Pro Se* Filing. (ECF No. 9.) Then on April 24, 2024, the Government filed a Response in opposition to Defendant's Motion for Early Termination of Supervised Release, as ordered by the Court. (ECF No. 12.)

The Court will first address the Government's April 17, 2024 Motion to Strike Defendant's *Pro Se* Filing (ECF No. 9), challenging the filing of Defendant's *pro se* Motion for Early Termination of Supervised Release. The Government argues that Defendant is represented by attorney Rhonda Brazile and thus he does not have the right to hybrid representation, citing *Cassano v. Shoop*, 1 F.4th 458, 471 (6th Cir. 2021) and *U.S. v. Mosely*, 810 F.2d 93 (6th Cir. 1987). (*Id.*) Attorney Rhonda Brazile filed a Notice and Declaration of Representation in response that same day. (ECF No. 10.) She asserts that her appointed representation of Defendant in this case ended when the judgment in this case was made final in May 2022, and that any new matter would require a new appointment order, which has not been issued. (*Id.*)

The Court finds that Defendant is not currently represented by counsel and thus denies the Government's Motion to Strike Defendant's *Pro Se* Filing (ECF No. 9.)

Turning to Defendant's Motion for Early Termination of Supervised Release (ECF No. 8), the Government states in its Response in opposition to Defendant's motion that Defendant has completed the sentence for the conviction in this case and this case is closed. (ECF No. 12, Government Response, PageID.41, fn.1 (explaining that this case is "based on [Defendant's] older convictions from the Western District of Tennessee (08-cr-10082; 08-cr-10118)".) The Government explains, however, that Defendant's "**current** term of 'supervised release' that he is serving in the

Eastern District of Michigan" is in Case No. 23-cr-20194, which is assigned to District Judge Linda Parker. (*Id.* (emphasis in original).) (*See* ECF No. 1-1 in Case No. 23-cr-20194, Transfer of Jurisdiction, PageID.2 (setting dates of supervised release from 2/13/2023 to 2/12/2026.).) Thus, Defendant is not serving a current term of supervised release in this case and his Motion will be denied without prejudice.

Accordingly, for the reasons set forth above, the Court **ORDERS** that Defendant's Motion for Early Termination of Supervised Release (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

The Court **FURTHER ORDERS** that the Government's Motion to Strike Defendant's *Pro Se* Filing (ECF No. 9) is **DENIED**.

IT IS SO ORDERED.

Dated: May 6, 2024                             s/ Paul D. Borman
                                               Paul D. Borman
                                               United States District Judge

3